

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2009

# Vicki Gehron v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4894

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Vicki Gehron v. Comm Social Security" (2009). *2009 Decisions.* Paper 672.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/672

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4894
_____

VICKI L. GEHRON,
Appellant

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security;
SOCIAL SECURITY ADMINISTRATION

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-0822)
District Judge: Honorable Malcolm Muir

_____

Submitted Under Third Circuit LAR 34.1(a)
September 8, 2009

Before: SCIRICA, Chief Judge, RENDELL and ALDISERT, Circuit Judges.

(Filed: September 14, 2009)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Vicki Gehron appeals the order of the District Court affirming the Administrative

Law Judge's ("ALJ") denial of her application for disability benefits under 42 U.S.C. §§

1318-1383.[1] Gehron suffers from migraine headaches, degenerative disc disease of the cervical spine, and fibromyalgia/myofascial pain; her migraine headaches have progressively worsened over the past few years.

As noted by the District Court, most of the medical evidence in the record relates to Gehron's condition after December 31, 2002, her last insured date and the relevant date for purposes of disability. The only evidence provided to us that speaks directly to her disability as of that date is a report prepared by Gehron's treating physician, Dr. Bryan O'Neill, in January 2007–*after* the date of Gehron's hearing before the ALJ. It was not part of the record before the ALJ, and Gehron has not established good cause for her tardy submission of the report, which could have been prepared prior to the hearing. Accordingly, that report is not properly before us and should not have been considered by the District Court. *See Matthews v. Apfel*, 239 F.3d 589, 594-95 (3d Cir. 2001) (deeming inadmissable a report submitted after the date of the hearing before the ALJ, where the claimant failed to demonstrate that timely submission of the report would have been impossible).

We have carefully reviewed the complete administrative record and the arguments and authorities presented by the parties. We conclude that substantial evidence supports

---

[1]The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). Our jurisdiction is proper under 28 U.S.C. § 1291. We review an ALJ's findings of fact for substantial evidence. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *see* 42 U.S.C. § 405(g).

the ALJ's determination that Gehron was not disabled on or before December 31, 2002.

Therefore, we will AFFIRM the order of the District Court.